1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

9   CARL DEAN EDWARDS,

10          Plaintiff,                                    Case No. 2:06-CV-01455-RLH-(RJJ)

11   vs.                                                  **ORDER**

12   NORTH LAS VEGAS DETENTION
     CENTER, et al.,
13
14          Defendants.

15          Petitioner has paid the initial partial filing fee (#5).  The Court has reviewed the

16   Complaint.  It will dismiss Count I and serve the Complaint upon Defendants.

17          When a "prisoner seeks redress from a governmental entity or officer or employee of

18   a governmental entity," the Court must "identify cognizable claims or dismiss the complaint, or any

19   portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon

20   which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from

21   such relief."  28 U.S.C. § 1915A(b).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides

22   for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review

23   under Rule 12(b)(6) is essentially a ruling on a question of law.  North Star Intern. v. Arizona Corp.

24   Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  In considering whether the plaintiff has stated a claim

25   upon which relief can be granted, all material allegations in the complaint are accepted as true and

26   are to be construed in the light most favorable to the plaintiff.  Russell v. Landrieu, 621 F.2d 1037,

27   1039 (9th Cir. 1980).  Allegations of a pro se complainant are held to less stringent standards than

28   formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

1     Plaintiff is an inmate at the North Las Vegas Detention Center.  He is currently a

2  defendant in a criminal action before this Court, United States v. Edwards, Case No. 2:05-CR-

3  00154-KJD-(LRL).  Counsel represents Plaintiff in that action.  In Count I, Plaintiff alleges that

4  Defendants Paresi, Forti, Kitchen, and Pacheco, who are jail administrators or officers, have

5  infringed upon his right of access to the courts by denying him access to the jail's law room and its

6  research computer.  To establish a violation of the right of meaningful access to the courts, Plaintiff

7  must show that he suffered an actual injury.  Lewis v. Casey, 518 U.S. 343, 348-49 (1996).  As a

8  criminal defendant, Plaintiff has the right to retain counsel or to have counsel appointed to represent

9  him at no cost if he was indigent.  Gideon v. Wainwright, 372 U.S. 335, 342-45 (1963).  Appointed

10  counsel provides Plaintiff with a meaningful avenue of access to this Court.  Storseth v. Spellman,

11  654 F.2d 1349, 1353 (9th Cir. 1981).  Because counsel represents Plaintiff, he cannot show an

12  actual injury.  Amendment of Count I could not cure this defect, and the Court dismisses it.  See

13  Noll v. Carson, 809 F.2d 1446, 1448 (9th Cir. 1987).

14     Plaintiff has also submitted a Motion for Reconsideration of Order (#3), in which he

15  asks the Court to review three matters concerning the Order (#2) of Magistrate Judge Robert J.

16  Johnson.  First, Plaintiff objects to the direction that he pay the filing fee.  As a prisoner, the law

17  requires Plaintiff to pay the filing fee in monthly installments.  28 U.S.C. § 1915(b).  This objection

18  is also moot because Plaintiff has paid the initial partial filing fee (#5).  Second, Plaintiff objects to

19  the statement that subpoenas will not be issued at government expense.  Section 1915 does not

20  authorize the Court to waive a subpoena's witness fees.  Tedder v. Odel, 890 F.2d 210, 211-12 (9th

21  Cir. 1989).  Third, Plaintiff asks the Court to order the North Las Vegas Detention Center to allow

22  him to spend fifteen to twenty hours per week in the jail's legal research room.  As noted above, this

23  is unnecessary because representation by counsel satisfies Plaintiff's right of access to the courts.

24     Plaintiff has also submitted a Petition for Compliance (#4), in which he alleges that

25  Defendant Kitchen has not complied with the order to debit his account for payment of the initial

26  partial filing fee.  This Petition (#4) is moot because the Court has received the fee (#5).

27     IT IS THEREFORE ORDERED that the Clerk of the Court shall file the Complaint,

28  issue summons to the named defendants herein, and deliver same to the U.S. Marshal for service.

Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285.  Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendants were served and which were not served, if any.  If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the Complaint was filed.

IT IS FURTHER ORDERED that henceforth, Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

IT IS FURTHER ORDERED that Count I is **DISMISSED** for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration of Order (#3) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Petition for Compliance (#4) is **DENIED** as moot.

DATED this ___16th___ day of _____January_____, 2007.

_____
ROGER L. HUNT
Chief United States District Judge

-3-